**EFRAIM Z. KIEFFER, ESQ.**
131 Pennington Ave
Passaic, NJ 07055
(973) 614-9245
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAINA KIEFFER : | |
| Plaintiff : | Civil Action No.: |
| vs. : | |
| ALLIANCEONE RECEIVABLES : | **COMPLAINT AND** |
| MANAGEMENT, INC. : | **DEMAND FOR JURY TRIAL** |
| Defendant : | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Shaina Kieffer, Plaintiff (hereinafter referred to as "Plaintiff") in the above entitled and captioned matter, by way of Complaint against the Defendant AllianceOne Receivables Management, Inc. (hereinafter referred to as "Defendant") respectfully demands judgment of this Honorable Court against the Defendant, as follows:

**I. INTRODUCTION**

1.   This is an action for declaratory judgment, injunctive relief, actual damages, statutory damages, punitive damages, costs and attorneys fees brought by the Plaintiff, an individual consumer, for the violations of the Defendant of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*. which prohibits debt collectors form engaging in abusive, deceptive, and unfair practices.

1

## II. JURISDICTION AND VENUE

2.    Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.    This Court has *in personam* jurisdiction over the Defendant in this action as same is authorized by the law of the State of New Jersey in that the Defendant has and/or is doing business in the State of New Jersey and/or the Defendant has sufficiently conducted business in and/or otherwise purposely availed themselves to the privileges and benefits of the State of New Jersey and/or the transactions or occurrences giving rise to the Complaint took place in the State of New Jersey.

4.    Venue in this Court is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rises to the claims herein occurred within this District and/or that the Defendant transacted business within this District and/or that this is the District in which the Plaintiff resides.

## III. PARTIES

5.    Plaintiff is a natural person residing in the City of Passaic, County of Passaic, State of New Jersey and is a citizen of the State of New Jersey and of the United States of America.

6.    At all times material and relevant hereto, the Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

7.    At all times material and relevant hereto, the Plaintiff was alleged to have owed a consumer "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

8.    At all times material and relevant hereto, the Defendant is believed to be a foreign corporation, company, partnership, and/or association engaged in the business of collecting

consumer debts nationally, locally, and within the State of New Jersey, with its main business address listed in its recent annual report filed with the State of New Jersey as 4850 E Street Rd, Suite 300, Trevose, PA 19053 and with an additional address located at 1684 Woodlands Dr, Suite 150, Maumee, OH 43537.

9. The Defendant collects consumer debts using the U.S. mail systems, the U.S. telephone and/or telegram systems and/or other instrumentalities of interstate and intrastate commerce.

10. The Defendant regularly attempts to collect consumer debts incurred for personal, family or household purposes on behalf of creditors.

11. The Defendant is a "debt collector" as that term is contemplated and/or defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. The Defendant at all times material and relevant hereto engaged in "communication" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

### IV. FACTUAL ALLEGATIONS

13. At all times material and relevant hereto the Defendant was attempting to collect a consumer debt allegedly due from the Plaintiff to an entity known as "Public Service Electric & Gas".

14. By correspondence on the letterhead of the Defendant, dated September 15, 2010, the Defendant mailed and/or otherwise issued a collection demand letter on or immediately after that date to the Plaintiff demanding payment of a consumer debt in an alleged amount due of $168.88 allegedly due Public Service Electric & Gas.

15. Upon information and belief, said collection letter was a mass-produced computer generated form letter.

16. Said collection letter of September 15, 2010 was addressed to and received by the Plaintiff at her residence in Passaic, New Jersey some time after September 16, 2010.

17. This letter contained the following sentences, "Your account has been referred to our office for Collections…It is our practice to place information regarding the debt with the appropriate credit-reporting agencies."

18. The letter further stated, "This communication is from a debt collector. This is an attempt to collect a debt, and information obtained will be used for that purpose."

19. The bottom half of the letter contained a payment voucher with instructions to the Plaintiff to mail the sum of $168.88 together with the payment voucher to the Defendant's attention to a post office box located in Southeastern, PA, and specifically, P.O. Box 3102, Southeastern, PA 19398-3102.

20. This letter is a "communication" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

21. Thereafter, on or about September 25, 2010, at approximately 9:03AM, EST, the Defendant, by and through its agent and/or employee, left a voicemail message for the Plaintiff on the voicemail of the Plaintiff's home telephone number. The voicemail stated in full as follows:

> Hi. This message is for Shaina Kieffer. This is Jill with AllianceOne. Please return my call 866-590-6322, at extension 6369, 866-590-6322 extension 65 , er extension, 6369. Thank you.

22. This was the entire message.

23. The telephone number recited in this message, to wit, 866-590-6322, is the telephone number for the Defendant.

24. This telephone call and telephone voice message are "communication[s]" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

## V. CLAIMS FOR RELIEF

### COUNT I
### (Fair Debt Collection Practices Act – Collection Letter - 15 U.S.C. § 1692e)

25. Plaintiff repeats, realleges, and incorporates the allegations contained in Paragraphs One (1) through Twenty-Four (24) as is the same were set forth herein at length.

26. Collection letters and/or notices such as those sent by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

27. The Defendant's collection demand letter of September 15, 2010 is misleading as it states and/or implies that Defendant has the legal ability and/or authority to collect the alleged debt from the Plaintiff.

28. At the time the Defendant mailed this collection letter to the Plaintiff, the Defendant's Collection Agency Bond with the State of New Jersey Department of Treasury, however, was not active.

29. Accordingly, at the time the Defendant maintained collection of this alleged consumer debt from the Plaintiff, who resides in New Jersey, the Defendant had no authority to collect any debts from any person located in the State of New Jersey pursuant to N.J.S. 45:18 *et set*.

30. The Defendant has therefore unfairly, unlawfully, intentionally, deceptively, and fraudulently violated the FDCPA, 15 U.S.C. § 1692, *et seq*. including but not limited to 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means in connection with the collection of a debt and/or violated 15 U.S.C. §1692e (10) by using a false representation or deceptive means to collect or attempt to collect a debt.

5

31. The Defendant has thereby also unfairly, unlawfully, intentionally, deceptively, and fraudulently violated the FDCPA, 15 U.S.C. § 1692d by engaging in conduct with the intent to abuse or harass Plaintiff.

32. The acts and/or omissions of the Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively, and fraudulently coercing Plaintiff to pay the alleged debt in an unlawful manner.

33. The acts and/or omissions of the Defendant at all times material and relevant hereto, and as described in this Complaint, were done absent bona fide error, lawful right, legal defense, legal justification and/or legal excuse.

34. As a causally-direct and legally proximate result of the above violations of the FDCPA, the Defendant caused the Plaintiff to sustain actual damages as a result of Defendant's unfair, unlawful, intentional, deceptive, and fraudulent coercion to pay the alleged consumer debt in an unlawful manner.

35. As a causally-direct and legally proximate result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that the Defendant's conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, punitive damages, costs, and attorney fees.

36. All conditions precedent to the bringing of this action have been performed, waived or excused.

COUNT II
(Fair Debt Collection Practices Act – Collection Call - 15 U.S.C. § 1692d(6))

37. Plaintiff repeats, realleges, and incorporates the allegations contained in Paragraphs One (1) through Twenty-Four (24) as is the same were set forth herein at length.

38. Collection calls and voicemails such as those made by the Defendant and its agents and employees are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

39. The Defendant's collection call and voicemail message of September 25, 2010 violated the FDCPA.

40. In the aforementioned telephone call and voicemail message the Defendant, its agent and/or employee, failed to provide meaningful disclosure of the Defendant's identity in violation of 15 U.S.C. § 1692d(6).

41. In the aforementioned telephone call and voicemail message the Defendant, its agent and/or employee, failed to disclose the purpose or nature of the communication, namely an attempt to collect a debt, in violation of 15 U.S.C. § 1692d(6).

42. The Defendant thereby has unfairly, unlawfully, intentionally, deceptively, and fraudulently violated the FDCPA, 15 U.S.C. § 1692, *et seq*. by using deceptive means to attempt to collect a debt and/or by making deceptive communications to the Plaintiff in connection with a consumer debt alleged due.

43. The Defendant has thereby also unfairly, unlawfully, intentionally, deceptively, and fraudulently violated the FDCPA, 15 U.S.C. § 1692, *et seq*. by engaging in conduct with the intent to abuse or harass Plaintiff.

44. The acts and/or omissions of the Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively, and fraudulently coercing Plaintiff to pay the alleged debt in an unlawful manner.

45. The acts and/or omissions of the Defendant at all times material and relevant hereto, and as described in this Complaint, were done absent bona fide error, lawful right, legal defense, legal justification and/or legal excuse.

46. As a causally-direct and legally proximate result of the above violations of the FDCPA, the Defendant caused the Plaintiff to sustain actual damages as a result of Defendant's unfair, unlawful, intentional, deceptive, and fraudulent coercion to pay the alleged consumer debt in an unlawful manner.

47. As a causally-direct and legally proximate result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that the Defendant's conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, punitive damages, costs, and attorney fees.

48. All conditions precedent to the bringing of this action have been performed, waived or excused.

## COUNT III
(Fair Debt Collection Practices Act – Collection Call - 15 U.S.C. § 1692e (11))

49. Plaintiff repeats, realleges, and incorporates the allegations contained in Paragraphs One (1) through Twenty-Four (24) as is the same were set forth herein at length.

50. Collection calls and voicemails such as those made by the Defendant and its agents and employees are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

51. The Defendant's collection call and voicemail message of September 25, 2010 violated the FDCPA.

52. In the aforementioned telephone call and voicemail message the Defendant, its agent and/or employee, failed to disclose that the Defendant is a "debt collector" and/or that the communication was from a "debt collector", in violation of 15 U.S.C. § 1692e(11).

53. The Defendant thereby has unfairly, unlawfully, intentionally, deceptively, and fraudulently violated the FDCPA, 15 U.S.C. § 1692, *et seq*. by using deceptive means to attempt to collect a debt and/or by making deceptive communications to the Plaintiff in connection with a consumer debt alleged due.

54. The Defendant has thereby also unfairly, unlawfully, intentionally, deceptively, and fraudulently violated the FDCPA, 15 U.S.C. § 1692, *et seq*. by engaging in conduct with the intent to abuse or harass Plaintiff.

55. The acts and/or omissions of the Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively, and fraudulently coercing Plaintiff to pay the alleged debt in an unlawful manner.

56. The acts and/or omissions of the Defendant at all times material and relevant hereto, and as described in this Complaint, were done absent bona fide error, lawful right, legal defense, legal justification and/or legal excuse.

57. As a causally-direct and legally proximate result of the above violations of the FDCPA, the Defendant caused the Plaintiff to sustain actual damages as a result of Defendant's unfair, unlawful, intentional, deceptive, and fraudulent coercion to pay the alleged consumer debt in an unlawful manner.

58. As a causally-direct and legally proximate result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that the Defendant's conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, punitive damages, costs, and attorney fees.

59. All conditions precedent to the bringing of this action have been performed, waived or excused.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against the Defendant as follows:

A. for an Order of this Court requiring the Defendant, its employees, agents, successors and/or assigns, to cease and desist any and all collection attempts against the Plaintiff with regard to the alleged debt which is the subject matter of this Complaint;

B. for an Order of this Court compelling the Defendant to take all action necessary to have the alleged debt and all issues surrounding same removed from all of Plaintiff's credit reports and to take all further corrective actions necessary to repair any negative action taken by any creditor or potential creditor undertaken as a result of the reporting of the alleged debt which is the subject matter of this Complaint;

    C.    for an Order of this Court compelling the Defendant to purchase for the Plaintiff's benefit the services of a credit monitoring company, of the Plaintiff's choice, to monitor the Plaintiff's credit reports for a period of no less than one (1) year from the date of said Order;

    D.    declaratory judgment be entered against the Defendant declaring that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for such;

    E.    actual damages;

    F.    statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

    G.    punitive damages;

    H.    costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    I.    for such other and further relief as may be just and proper.

Dated: March 28, 2011        BY:    s/ Efraim Z. Kieffer

                      EFRAIM Z. KIEFFER, ESQ.
                      Attorney for Plaintiff

## JURY DEMAND

Plaintiffs demand a trial by jury of twelve, on all issues so triable.

Dated: March 28, 2011        BY:    s/ Efraim Z. Kieffer

                      EFRAIM Z. KIEFFER, ESQ.
                      Attorney for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Efraim Z. Kieffer, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me currently that the matter in controversy is not the subject of any other action pending in any court or in any arbitration or administrative proceeding.

Dated: March 28, 2011                                BY:    s/ Efraim Z. Kieffer

                                                           _____
                                                           EFRAIM Z. KIEFFER, ESQ.
                                                           Attorney for Plaintiff